**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIO ANTONIO IZQUIERDO, | No. 06-74629 |
| Petitioner, | Agency No. A073-989-314 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 9, 2013
San Francisco, California

Before: SCHROEDER and BYBEE, Circuit Judges, and BATTAGLIA, District
Judge.[**]

Julio Antonio Izquierdo, a native and citizen of Peru, petitions for review

from the Immigration Judge's ("IJ") issuance of a final order of removal, following

the Board of Immigration Appeals's ("BIA") reversal of the IJ's original grant of

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Anthony J. Battaglia, United States District Judge for
the Southern District of California, sitting by designation.

asylum and adjustment of status relief. Although the government challenges the petition as untimely because Petitioner did not seek review of the BIA's remand order, Petitioner was not required to do so under the then existing law of this circuit. *See Molina-Camacho v. Ashcroft*, 393 F.3d 937, 942 (9th Cir. 2004).

The matter is before us after a panel of this court originally granted Petitioner's petition for rehearing. In that petition and the supplemental briefing this court requested, Petitioner contends that the BIA engaged in inappropriate fact-finding when it overturned the IJ's grant of relief. *See* 8 C.F.R. § 1003.1(d)(3)(i). The record does not bear this out.

Petitioner was a member of Peru's National Guard at the time of a prison riot by prisoners who were members of the "Shining Path." Many of the rioters were led out and executed by prison officials. He sought asylum, claiming fear of Shining Path persecution. Before the IJ, the government contended that he was barred from relief by having been a persecutor himself. *See* 8 U.S.C. § 1158(b)(2)(A)(i). The IJ rejected the government's position and granted asylum and adjustment of status.

On the government's appeal the BIA reversed the grant of relief, holding that the petitioner had no well-founded fear of future persecution from the Shining

2

Path, and that his background, including some criminal brushes with the law in this country, rendered adjustment of status inappropriate.

There is substantial evidence supporting the BIA decision. The BIA's analysis contains no facts that are inconsistent with the facts found by the immigration judge, so we must reject Petitioner's claim that the BIA engaged in improper fact-finding. In the absence of any violation of the applicable regulations, we lack jurisdiction to review the BIA's discretionary determination denying adjustment of status. With respect to asylum, the evidence in the record does not compel a finding that the petitioner has a well-founded fear of persecution from the Shining Path stemming from this episode that occurred in 1986.

Petitioner also seeks review of the BIA's denial of petitioner's subsequent motion to reopen. There was no abuse of discretion. The motion did not contain any new material bearing on hardship or indicating that petitioner would be targeted by the Shining Path.

The petition for review is **DENIED**.